UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ALEXANDER,

       Plaintiff,

v.                                                                CASE NO. 3:26-cv-805-MMH-SJH

DUVAL COUNTY JAIL, DUVAL
COUNTY JAIL MEDICAL
DEPARTMENT,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion"). Doc. 2. For the reasons that follow, the undesigned recommends that the Motion be **denied** and that this case be **dismissed without prejudice**.

### I.      Standard

The Court may allow a plaintiff to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even if a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed *in forma pauperis*, however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Under the Federal Rules of Civil Procedure ("Rule(s)"), a pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).[1]

Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015);[2] *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

## II.    Background

Plaintiff' filed a Complaint for a Civil Case ("Complaint"), Doc. 1, and the

---

[1] A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36–2.

Motion. On April 24, 2026, the Court entered an Order ("Prior Order") taking the Motion under advisement, identifying multiple deficiencies in the Complaint, and directing Plaintiff to file an amended complaint in compliance with the Prior Order and all applicable rules and law. Doc. 3. After discussing the foregoing standard, the Court explained in the Prior Order that the Complaint was deficient in multiple respects, including that it did not assert a basis for the Court's jurisdiction and that it contained vague and conclusory allegations that appeared to combine and commingle different claims into a single count. *See id.*; *see also Merryman v. St. Johns River Water Mgmt. Dist.*, No. 3:24-cv-658-MMH-SJH, 2024 WL 4625724, at *2 (M.D. Fla. Oct. 30, 2024); *Gregory v. City of Tarpon Springs*, No. 8:16-cv-237-T-33AEP, 2016 WL 2961558, at *2 (M.D. Fla. May 23, 2016). The Prior Order continued:

> Beyond these deficiencies, liberally construed, it appears Plaintiff may be attempting to seek relief against the Duval County Jail for alleged constitutional violations under 42 U.S.C. § 1983. *See* Doc. 1 at 2, 6. But with respect to any "claim against the Duval County Jail, state law determines whether a party has the capacity to be sued[,]" and "Florida law has not established jails as entities amenable to suit under § 1983." *Stephens v. UF Health of Jacksonville*, No. 3:24-cv-397-MMH-LLL, 2024 WL 4109364, at *2 (M.D. Fla. Sept. 6, 2024); *see also Watkins v. Chase*, No. 3:21-cv-1090-BJD-LLL, 2021 WL 6064820, at *3 (M.D. Fla. Dec. 22, 2021); *Miles v. Off. of the Sheriff Mike Williams*, No. 3:19-cv-1031-J-32MCR, 2019 WL 4805564, at *2 (M.D. Fla. Oct. 1, 2019).

Doc. 3 at 3–4. Thus, the Prior Order directed Plaintiff to file an amended complaint in compliance with the Prior Order and all applicable rules and law, cautioning that a failure to do so would result in a recommendation that the Motion be denied and this case be dismissed. *Id.* at 4–5. Among other instructions, the Prior Order explained:

> The amended complaint must comply with the Rules, including Rules 8

3

and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Fed. R. Civ. P. 8. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10. Thus, Plaintiff should state all facts on which he relies to support his claim(s) in sequentially numbered paragraphs. Where necessary for clarity, discrete claims should be separated into different counts.

*Id.*

On May 8, 2026, Plaintiff filed an amended complaint ("Amended Complaint"). Doc. 4. The Amended Complaint does not comply with the Rules or all the instructions in the Prior Order. *See id.* For example,[3] the Amended Complaint does not contain any statement on the grounds for this Court's jurisdiction; is entirely in narrative format without any separately numbered paragraphs; and, to the extent discernable, appears to improperly combine and commingle different (and unrelated) claims into a single undifferentiated count. *See* Fed. R. Civ. P. 8; Fed. R. Civ. P. 10(a); Doc. 3 at 2–5; *Merryman*, 2024 WL 4625724, at *2.

In addition to this impermissible and shotgun manner of pleading, as with the Complaint, liberally construing the Amended Complaint, it appears that Plaintiff may be attempting to seek relief against the Duval County Jail for alleged constitutional violations under 42 U.S.C. § 1983. *See* Doc. 4 at 1–2. But as the Prior Order explained, *see* Doc. 3 at 3–4, with respect to any "claim against the Duval County Jail, state law

---

[3] The Prior Order did not purport to address all deficiencies in the Complaint, and this Report and Recommendation similarly does not purport to address all deficiencies in the Amended Complaint.

determines whether a party has the capacity to be sued[,]" and "Florida law has not established jails as entities amenable to suit under § 1983." *Stephens*, 2024 WL 4109364, at *2; *see also Watkins*, 2021 WL 6064820, at *3; *Miles*, 2019 WL 4805564, at *2.[4]

In short, despite the instructions in the Prior Order and the opportunity to file a proper pleading in compliance with the Rules, the Amended Complaint is deficient.

Accordingly, it is respectfully **recommended** that:

1.    The Motion, Doc. 2, be **denied**.

2.    This case be **dismissed without prejudice**.

3.    The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the

---

[4] The Prior Order further noted that even if Plaintiff had named a proper party, the Complaint did not state any basis for municipal liability under § 1983. *See* Doc. 3 at 4 n.2. The same remains true of the Amended Complaint. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) ("[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."); *see also Harvey v. City of Stuart*, 296 F. App'x 824, 826 (11th Cir. 2008); *Miles*, 2019 WL 4805564, at *2.

scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

"A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 26, 2026.

 

 

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard

*Pro se* Plaintiff

6