UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ALEXANDER,

      Plaintiff,

v.                                             CASE NO. 3:26-cv-805-MMH-SJH

DUVAL COUNTY JAIL, DUVAL
COUNTY JAIL MEDICAL
DEPARTMENT,

      Defendants.
_____/

## ORDER

On May 26, 2026, the undersigned entered a Report and Recommendation, Doc. 5, recommending that Plaintiff's pending application to proceed *in forma pauperis* ("IFP"), Doc. 2, be denied and that this action be dismissed without prejudice. On June 9, 2026, Plaintiff filed a Motion for Leave to File Amended Complaint, Doc. 6, followed by a second Motion for Leave to File Amended Complaint on June 10, 2026, Doc. 8. Considering Plaintiff's filing of the second Motion for Leave to File Amended Complaint ("Motion to Amend"), Doc. 8, the original motion to amend, Doc. 6, will be **denied as moot**.

It is not entirely clear whether Plaintiff has used his amendment as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure ("Rule(s)"). Plaintiff has amended his pleading previously, but that amendment was pursuant to this Court's Order. Docs. 3, 4. Plaintiff likely has exhausted any right to amend as a

matter of course. *See, e.g., Opus Grp., LLC v. Enomatic Srl*, No. 11-cv-23803, 2012 WL 13134611, at *1 (S.D. Fla. Aug. 23, 2012). However, there does not appear to be binding precedent on the issue, and, though not directly on point, at least one court in this district has held a party may amend its pleading with leave under Rule 15(a)(2) without exhausting the right to later amend as a matter of course under Rule 15(a)(1). *See Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2018 WL 11489597, at *4 (M.D. Fla. Sept. 28, 2018).

A *pro se* plaintiff does "not waive his right to amend as a matter of course merely because he filed a motion to amend instead of amending as a matter of course." *Toenniges v. Ga. Dep't of Corrs.*, 502 F. App'x 888, 889 (11th Cir. 2012);[1] *cf. Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).[2] And if a plaintiff has the right to amend as matter of course, then "the merits of his amendment, at [this] stage, [are] irrelevant" and the Court "lacks the discretion to reject the amended complaint based on its alleged futility." *See Toenniges*, 502 F. App'x at 890.

As such, in an abundance of caution, the Court will allow Plaintiff, who is proceeding *pro se*, to directly exercise his one amendment as a matter of course. However, any further amendments to Plaintiff's pleading shall require written consent of the opposing parties or leave of Court in accordance with Rule 15(a)(2).

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[2] By comparison, a counseled party who chooses to file a motion to amend with an amendment as a matter of course still in his pocket waives the amendment as a matter of course if the motion to amend is denied. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010).

Accordingly, the Motion to Amend, Doc. 8, will be granted to the extent stated herein and the Clerk of Court will be directed to file Plaintiff's Amended Complaint, Doc. 8-1, as a separate document. Consequently, the pending Report and Recommendation, Doc. 5, is due to be vacated as moot. Further orders or recommendations, as appropriate, will be directed to the operative pleading when filed. In cautiously allowing Plaintiff to directly exercise his right to amend as a matter of course, this Order does *not* rule as to the sufficiency or viability of any pleading.

Accordingly, it is **ordered**:

1.  Plaintiff's June 9, 2026, Motion for Leave to File Amended Complaint, Doc. 6, is **denied as moot**.

2.  Plaintiff's June 10, 2026, Motion for Leave to File Amended Complaint, Doc. 8, is **granted to the extent stated herein**. The Clerk of Court is **directed** to file the Amended Complaint, Doc. 8-1, as a separate document.

3.  The May 26, 2026, Report and Recommendation, Doc. 5, is **vacated as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 17, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to: *Pro Se* Plaintiff

3